IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 22 2011

BROOKLYN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RODNEY WARD,

         Petitioner,

  -against-

SUPERINTENDENT WILLIAM LEE,

         Respondent.
----------------------------------------------------------------x

MEMORANDUM & ORDER

11-CV-1068 (ENV)

**VITALIANO, D.J.**

  On March 4, 2011, *pro se* petitioner Rodney Ward filed a petition, executed February 28, 2011, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for murder in the second degree. The conviction became final 90 days after the New York Court of Appeals denied leave to appeal on December 3, 2009. See People v. Ward, 13 N.Y.3d 911, 895 N.Y.S.2d 325 (2009) (table).

  Ward now moves the Court to stay his petition so that he may exhaust his ineffective assistance of appellate counsel claim in state court. In light of Ward's pro se status and his having submitted his habeas petition hard against the one-year filing deadline set out in 28 U.S.C. § 2244(d), the Court grants his motion to stay proceedings as he seeks to exhaust state court consideration of all of his federal claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (requiring a demonstration of good cause in order for a stay to be granted). The Clerk of this Court is ordered to administratively close this case until either of the parties moves to restore this matter.

  Petitioner is directed that he has 30 days from the entry of this order to initiate collateral proceedings in state court and that, if he is denied relief there, he will have 30 days after state court exhaustion is completed to reopen these federal proceedings. Failure to meet these

1

deadlines will result in the stay being vacated *nunc pro tunc* as of the date it was entered; vacatur of the stay in turn may result in petitioner being barred from reopening his federal habeas petition because of the expiration of the one-year filing deadline. See Zarvela v. Artuz, 254 F.3d 374, 380-81 (2d Cir. 2001).

Petitioner also is directed to notify this Court of the date he initiates collateral proceedings in state court and to supply this Court with any case or calendar number assigned by the clerk of that court.

**SO ORDERED.**

Dated: Brooklyn, New York
March 19, 2011

ERIC N. VITALIANO
United States District Judge