UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 30 2014 ★
BROOKLYN OFFICE

------------------------------------------------------------x
RODNEY WARD,

                Petitioner,

      -against-

WILLIAM A. LEE, Superintendent,

                Respondent.
------------------------------------------------------------x

MEMORANDUM & ORDER

11-cv-1068 (ENV)

VITALIANO, D.J.,

*Pro se* petitioner Rodney Ward filed, on March 4, 2011, a 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons stated below, the writ is denied and the petition is dismissed.

## Background

On March 30, 2006, petitioner was ordering dinner at a Kentucky Fried Chicken restaurant in Brooklyn when he got into an argument with a restaurant worker, Andy Moriera, over the contents of his order.[1] During the argument, Ward threatened to kill Moriera and his family. Approximately two hours later, when Moriera got off of work, Ward confronted him on the street and the two began to fight. In the midst of the altercation, Ward pulled out a knife and stabbed Moriera ten times, killing him. Ward was charged with second degree murder and fourth

---

[1] Because Ward was convicted, the Court recites the facts in the light most favorable to the verdict. *See Garbutt v. Conway*, 688 F.3d 79, 80 (2d Cir. 2012).

degree possession of a weapon. Following trial, Ward was convicted of second degree murder and, on April 11, 2007, he was sentenced to a prison term of 23 years-to-life.

On direct appeal, Ward advanced three arguments: (1) the prosecution failed to disprove his justification defense beyond a reasonable doubt; (2) the trial court erred in making a pre-trial <u>Sandoval</u> ruling permitting the prosecution to question Ward—should he testify—about a juvenile arrest involving the use of a knife; and (3) that the trial judge's imposition of a 23 years-to-life sentence was excessive. On September 15, 2009, the Appellate Division, Second Department affirmed the judgment of conviction on all counts, concluding that Ward had failed to preserve his first argument, and that, in any event, all three arguments were without merit. The Court of Appeals denied Ward leave to appeal on December 3, 2009 and, as a result, Ward's conviction became final for federal habeas purposes 90 days later. Ward made this application for a writ of habeas corpus on February 28, 2011. On March 22, 2011, at Ward's request, the Court stayed these proceedings to allow Ward to exhaust his collateral state proceedings.

While the instant petition was stayed, on April 14, 2011, Ward filed a § 440.10 motion in state court claiming that he had received constitutionally ineffective trial counsel and that his sentence was illegally imposed. On August 25, 2011 Supreme Court found both of Ward's claims were unpreserved and, in any event, lacked merit. On August 15, 2012 the Second Department denied Ward leave to appeal. At that point, Ward returned to federal court and filed an amended habeas petition on October 9, 2012. By Order dated November 27, 2012 the Court concluded that, in

light of the vagaries of the prison mailing system, Ward had substantially complied with the Court's directive to return to federal court within 30 days of exhausting his state court collateral remedies.

Petitioner's amended habeas petition advances three claims: (1) that the trial court's <u>Sandoval</u> ruling denied him due process rights; (2) that the People failed to disprove his justification defense beyond a reasonable doubt; and (3) that the trial judge improperly used judicial fact-finding to enhance his sentence.

## Standard of Review

This petition, as one which seeks a federal writ of habeas corpus, may not be granted to a state prisoner held subject to the judgment of a state court unless "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000) (citation omitted). Clearly established federal law "'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *See Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649, 653 (2006) (*quoting Williams*, 529 U.S. at 412, 120 S. Ct. at 1523). To be "clearly established" under AEDPA (the acronym for the law governing federal habeas proceedings), the controlling federal law must be "law that is 'dictated by [Supreme Court] precedent existing at the time the defendant's conviction became final.'" *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (citation omitted). A state court's "unreasonable application" of federal law must have been more than "incorrect or erroneous"; it must have been "objectively unreasonable." *Sellan v.*

*Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (internal quotation omitted). This is a highly deferential standard, as § 2254(d) "demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 2013 WL 5904117, at *4 (2013) (internal citations omitted). Federal courts should not "lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas review is the remedy." *Id.*

Finally, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). That obligation is engrained on a court's review of habeas pleadings as well, even in the AEDPA context.

## Discussion

### I. Sandoval Claim

To comply with People v. Sandoval, 34 N.Y.2d 371 (1974), a trial judge is required to make a pre-trial determination regarding which of defendant's prior convictions and/or bad acts are fair game for the prosecution to raise in the event that a defendant testifies at his criminal trial. In Ward's case, prosecutors sought permission to inquire into the underlying facts of a youthful offender adjudication in which Ward pleaded guilty to a misdemeanor assault of police officers. (Ex. B,

Sandoval Tr., at 6-8.) Specifically, prosecutors wanted to ask Ward—should he testify—about the fact that police recovered a six-inch kitchen knife on Ward's person following the assault. (Id.) The trial judge ruled, over Ward's objection, that the prosecutor would be permitted to ask about the knife, although, the judge also ruled, the prosecutor could not ask Ward whether or not he was arrested as a result of that incident, due to his youthful status at the time. (Id. at 14.) Ward claims that this ruling was unfairly prejudicial and, as a consequence, deprived him of due process. The state courts rejected this argument on the merits. That determination, of course, is reviewed in the deferential light mandated by AEDPA.

A <u>Sandoval</u> ruling, like most state court evidentiary rulings, generally is "a matter of state law and not subject to habeas review." <u>John v. New York</u>, 2013 WL 6487384, at *9 (S.D.N.Y. 2013). "Thus, habeas relief is only available if the petitioner can show that the erroneous evidentiary ruling was so pervasive as to have denied him a fundamentally fair trial, or so extremely unfair that its admission violates fundamental conceptions of justice." <u>Id.</u> "Additionally, the challenged evidence has to be sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." <u>Id.</u>

Ward has not come close to establishing that the trial court's <u>Sandoval</u> ruling was erroneous, much less that any error denied him a fundamentally fair trial. To the contrary, the trial judge's ruling appears to have been a reasonable balancing of the probative value of Ward's prior knife incident against the prejudicial concerns that introduction of such testimony might raise. In any event, certainly, the Court cannot conclude that the rejection of Ward's claim by the state courts was contrary

to any clearly established principle of federal law when reviewed with AEDPA deference.

## II. Justification Defense

Petitioner next contends that the prosecution failed at trial to disprove his justification defense. Ward's version of events is that victim Moriera attacked him first, and, that it was only once Moreira had him in a headlock that he stabbed Moriera 10 times. (Pet. Mem. at 12-13.) Ward, to support his contention, argues that the pattern of stab wounds on Moreira was consistent only with his version of events, meaning, he says, that no reasonable juror could have convicted him of second degree murder. Petitioner argues that this alleged error violated his due process right to a fair trial. It is an argument the state courts found Ward had defaulted, concluding that "defendant failed to preserve for appellate review his contention that the prosecution did not disprove his justification defense." People v. Ward, 65 A.D.3d 1172.

Such findings are, as they are here, almost always dispositive. "When a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Rush v. Lempke*, 500 Fed. Appx. 12, 15 (2d Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). As a consequence, because the state courts found that Ward's claim was defaulted, the Court may only review that claim if petitioner shows cause and prejudice, or a

fundamental miscarriage of justice. Neither Ward's petition, coupled with his papers here, nor the record below even hint at, much less demonstrate, an exception to the ordinary bar.

Leaving aside the fact that Ward has made no showing of cause or prejudice, and considering his claim more broadly, it clearly lacks substantive merit. Indeed, the prosecution presented testimony from both a medical examiner and an eyewitness that directly contradicted Ward's self-defense claim. It is plain that the jury simply believed them and found Ward's version incredible. Federal habeas review is a forum for the adjudication of constitutional objections, not to second-guess the credibility assessments of a jury. Bluntly, the record makes crystal clear that Ward's justification defense is not only procedurally defaulted but entirely without merit.

III. Judicial Enhancement of His Sentence

Petitioner's final contention is that the trial judge improperly arrived at a sentence of 23 years-to-life by engaging in "judicial fact-finding" and, accordingly, usurped the role of the jury. The state courts considered this contention and concluded that it was both procedurally defaulted and without merit. Of course, for the reasons outlined above, the state court's finding of procedural default precludes review.

Once again, even assuming, *arguendo*, that habeas review were proper, Ward's argument is demonstrably without merit. As petitioner tells it, the trial judge made certain factual findings after the jury verdict that led him to enhance Ward's sentence beyond the statutory guidelines. As Ward sees it, sentencing

7

violated the Supreme Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), that "facts that increase the penalty for a crime beyond the prescribed statutory maximum must be decided by a jury, not a judge." However, as the state court correctly concluded, "defendant's <u>Apprendi</u> claim . . . is inapplicable to defendant's sentence because defendant did not receive a sentence beyond the statutory range prescribed." (Exhibit E, at 4.) Indeed, as Ward actually concedes, (Pet. Mem. at 25), the statutory range for a second degree murder conviction was an indeterminate sentence between a minimum of 15 to 25 years and a maximum of life imprisonment. See Penal Law § 70.00(2)-(3). Ward's sentence, obviously, fell well within that range. There was no <u>Apprendi</u> violation. <u>See United States v. McLeod</u>, 251 F.3d 78, 82 (2d Cir.2001) ("Apprendi is inapplicable to Guidelines calculations that do not result in a sentence on a single count above the statutory maximum for that count.")

## Conclusion

For the foregoing reasons, Ward's petition for a writ of habeas corpus is dismissed and issuance of the writ is denied.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment for respondent and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 18, 2014

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge